IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAMIEN GREEN,

                Plaintiff,                ORDER

v.

RALSTON FOODS,                                  10-cv-496-wmc
CRYSTAL L. MUELLER,
JANE DOES 1-12 and
JOHN DOES 1-12,

                Defendants.

---

Judgment was entered in this case on January 28, 2011, denying plaintiff Damien Green's request to proceed in forma pauperis for Green's failure to state a claim for relief under federal law. In an order entered on March 17, 2011, the court denied Green's request for an extension of time to file a notice of appeal. Now Green has filed a notice of appeal of the final judgment dated January 30, 2012. Because Green has not paid the $455 filing fee for filing an appeal, I will construe his notice of appeal as a request to proceed *in forma pauperis* on appeal.

The court notes that Green's appeal may be untimely. However, only the court of appeals may determine whether it has jurisdiction to entertain an appeal. *Hyche v. Christensen*, 170 F.3d 769, 770 (7th Cir. 1999). The district court's role with respect to an appeal is limited. A district court has authority to deny a request for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915 for one or more of the following reasons: the litigant wishing to take an appeal has not established indigence; the appeal is in bad faith; or if the litigant is a prisoner and has three strikes. § 1915(a)(1),(3) and (g). *Sperow v. Melvin*, 153 F.3d 780, 781 (7th Cir 1998). In this case, Green's request for leave to proceed *in forma*

*pauperis* on appeal will be denied, because the court is certifying that his appeal is not taken in good faith.

In *Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982), the court of appeals instructed district courts to find bad faith in cases in which a plaintiff is appealing the same claims the court found to be without legal merit. *Lee v. Clinton*, 209 F.3d 1025, 1027 (7th Cir. 2000). This is such a case. Because there is no legally meritorious basis for Green's appeal, the court must certify that the appeal is not taken in good faith.

In light of this certification, Green cannot proceed with his appeal without prepaying the $455 filing fee absent permission from the court of appeals. **Under Fed. R. App. P. 24, Green will have 30 days from the date of this order in which to ask the court of appeals to review this court's denial of leave to proceed** *in forma pauperis* **on appeal.** Green must include with his motion, an affidavit as described in the first paragraph of Fed. R. App. P. 24(a), with a statement of issues he intends to argue on appeal. Also, he must send along a copy of this order. Green should be aware that he must file these documents in addition to the notice of appeal he has filed previously. If he does not file a timely motion requesting review of this order, the court of appeals may choose not to address the denial of leave to proceed *in forma pauperis* on appeal. Instead, it may require him to pay the full $455 filing fee before it considers his appeal further. **If Green does not request review or pay the fees within the deadline set, it is possible that the court of appeals may dismiss the appeal.**

ORDER

IT IS ORDERED that plaintiff Damien Green's request for leave to proceed *in forma pauperis* on appeal, dkt. #23, is DENIED. The court certifies that his appeal is not taken in good faith. The clerk of court is directed to insure that Green's obligation to pay the $455 fee for filing his appeal is reflected in the court's financial records.

Entered this 23rd day of March, 2012.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge